# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ANTINNE ANDERSON, | : | CIVIL NO. 1:CV-10-0134 |
| --- | --- | --- |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| RICARDO MARTINEZ, | : | |
| Respondent | : | |

## MEMORANDUM

On January 20, 2010, Antinne Anderson ("Anderson"), an inmate confined at the United States Penitentiary at Allenwood ("USP-Allenwood"), Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Along with his petition, Anderson submits a motion for leave to proceed in forma pauperis in this matter. (Doc. No. 2.) Named as Respondent is Ricardo Martinez, Warden at USP-Allenwood. For the reasons that follow, the motion to proceed in forma pauperis will be granted for the sole purpose of filing this action, but the petition will be dismissed without prejudice.

## I.   Background

In the petition Anderson challenges his conviction in the Circuit Court, Albemarle County, Virginia, for assault and battery of two corrections officers, abduction and escape. He states that he appealed the conviction to the Virginia Court of Appeals, the Supreme Court of Virginia, and the United States Supreme Court. (Doc. No. 1, Pet. at 3.) The grounds he raises in the petition are (1) his improper identification as the assailant by a witness; (2) the double counting of charges and (3) insufficient evidence to convict him. (Id. at 4.)

Anderson has previously filed a habeas petition pursuant to 28 U.S.C. § 2241 in this Court challenging the same Virginia conviction. The Court construed the petition as one filed

pursuant to 28 U.S.C. § 2254, and transferred the action to the Western District of Virginia pursuant to 28U.S.C. § 1404(a)("A court may transfer any civil action for the convenience of the parties or witnesses, or in the interests of justice, to any district where the action might have been brought.) See Anderson v. Martinez, No. 1:cv-09-1113 (M.D. Pa. June 16, 2009). The Court found that transfer was appropriate in that following review of the petition and diligent research of Anderson's name, there was no record of any federal conviction against him. Rather, Anderson challenged a conviction rendered in Albemarle County by a circuit court of the Commonwealth of Virginia, located within the Western District of Virginia. As such, because the records of conviction, transcripts of proceedings, witnesses and counsel are located within the Western District of Virginia, for the convenience of the parties the matter was transferred there pursuant to § 1404(a).

Following transfer of the case as a § 2254 petition, the Western District of Virginia ultimately granted Respondent's motion to dismiss finding the petition to be untimely, and denying a certificate of appealability. See Anderson v. Martinez, No. 7:09-cv-0234, 2009 WL 4232694 (W.D. Va. Nov. 24, 2009). A subsequent § 2254 petition challenging the same conviction was dismissed without prejudice by the Western District of Virginia as successive pursuant to 28 U.S.C. § 2244(b) in that Petitioner had not submitted any evidence that he had obtained the proper certification from the United States Court of Appeals for the Fourth Circuit. See Anderson v. Martinez, No. 7:09-cv-0330 (W.D. Va. Nov. 24, 2009). Anderson now files another petition pursuant to § 2241 petition in this Court seeking to challenge the same Virginia state conviction.

**II.     Discussion**

Without unnecessary elaboration, the petition will be dismissed without prejudice to any right Anderson may have to seek certification in the Fourth Circuit Court of Appeals to file a second or successive § 2254 petition in the Western District Court of Virginia. Any § 2241 petition in this Court is clearly inappropriate as Petitioner is challenging a Virginia state conviction. Any transfer of this matter as a § 2254 petition to the Western District of Virginia would not be in the interests of justice as the Western District has previously addressed Anderson's § 2254 petition, and found it to be untimely. A second § 2254 petition has been dismissed without prejudice as successive. For these reasons, the instant petition will be dismissed without prejudice to any right Anderson may have to seek certification to file a second § 2254 petition in the Western District of Virginia. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ANTINNE ANDERSON, | : | CIVIL NO. 1:CV-10-0134 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| RICARDO MARTINEZ, | : | |
| Respondent | : | |

# ORDER

**AND NOW**, this 1st day of February, 2010, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's motion to proceed in forma pauperis (Doc. No. 2) is **granted** for the sole purpose of filing this action.

2. The petition is **dismissed without prejudice**.

3. The Clerk of Court is directed to **close this case**.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania